UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| LARRY D. KNOX, ) | CASE NO. 1:17 CV 444 |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| JUDGE JAMES S. GWIN, et al., ) | AND ORDER |
| ) | |
| Defendants. ) | |

On March 3, 2017, plaintiff *pro se* Larry D. Knox filed this *in forma pauperis* action against the following defendants: U.S. District Judge James S. Gwin, Ohio State Esokh System, Lorain County Grand Jury Foreman Judith Koba, Lorain County Prosecutor Donna Freeman, Lorain County Common Pleas Judge James Miraldi, Lorain Municipal Court Clerk of Court Lori A. Maiorana, Lorain Sheriff Phillip R. Stammitti, Lorain Deputy Amanda Berry, Lorain Municipal Prosecutor, Municipal Court Appointed Attorney, Lorain County Prosecutor Dennis Will, Lorain County Prosecutor Greg Peltz, Lorain County Sheriff, Municipal Court Bailiff, Municipal Court Reporter, Lorain County Bondsman, Cuyahoga Detective Kathleen Orlando, Cuyahoga County Common Pleas Judge John Russo, Cuyahoga County Prosecutor Timothy McGinty, Cuyahoga County Public Defender, Lorain County Deputy Clerk Rallen Fairley, Lorain County Attorney Michael Kinlin, Ohio Attorney General, Elyria Chronicle Telegram, CMHA Hearing Officer Jun Woo, Cuyahoga County Sheriff Eric Mahan, Cuyahoga County

Common Pleas Judge Janet Burnside, and Danita Hicks, CMHA.

Plaintiff's Complaint does not contain a coherent set of allegations. Instead, it consists mainly of conclusory legal assertions that his rights under Ohio law and the Constitution have been violated by defendants. The thrust of his allegations appears to be that he has been arrested several times since 2007, and that his status as a sex offender has resulted in mistreatment by the legal system. He further claims that previous civil cases he filed should not have been dismissed.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. V. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudette*, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

Even construing the Complaint liberally in a light most favorable to the plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it does not contain allegations reasonably suggesting he might have a valid federal claim. *See*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Accordingly, the request to proceed *in forma pauperis* is granted, and this action is dismissed under section 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

                                               /s/ Patricia A. Gaughan
                                               PATRICIA A. GAUGHAN
                                               UNITED STATES DISTRICT JUDGE

Dated: 4/3/17